United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Francisco Gonzalez and others,<br>Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-20356-Civ-Scola |
| | ) | |
| Andrew C. Porter, and others,<br>Defendants. | ) | |
| | ) | |

### Order Granting Partial Stay

This matter is before the Court on the motion to stay discovery by Defendants Andrew C. Porter and Salvatore Prescott Porter & Porter, PLLC (collectively, the "Attorney Defendants") pending the resolution of their motion to dismiss. (Mot. to Stay, ECF No. 14.) The Plaintiffs responded (ECF No. 20), and the Attorney Defendants timely replied (ECF No. 21.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **grants** the Attorney Defendants' motion to stay. (**ECF No. 14**.)

The Attorney Defendants' motion to dismiss meets the requirements of Federal Rule of Procedure 26(c). "To stay discovery under Rule 26(c) due to a pending dispositive motion, 'good cause and reasonableness' must exist." *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 10-81634-CIV, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) (Ryskamp, J.) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This determination requires "the Court to take a 'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* When a motion to dismiss will likely dispose of a case, courts may grant a motion to stay discovery pending resolution of the motion to dismiss. *See, e.g., Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, No. 09-21622-CIV, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (Moreno, J.) ("While the Court has not yet ruled on the motions to dismiss, a cursory review of those motions suggests that a short stay of discovery is appropriate. The venue issue is a threshhold legal issue that is case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised.").

Here, the Attorney Defendants' motion to dismiss raises several dispositive issues: (1) they have absolute immunity from suit due to the litigation privilege; (2) the Plaintiffs' claims against the Attorney Defendants fail to meet the plausibility standard; and (3) the Plaintiffs fail to state claims against the Attorney Defendants upon which relief may be granted. (Mot. to Dismiss at 1-3, ECF No. 13). Upon a cursory review, the Court finds that the Attorney Defendants' motion

appears to be at least meritorious and case dispositive. This is especially true of the Attorney Defendants' litigation privilege defense. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding.").[1] To allow discovery to proceed before the Court determines that the Attorney Defendants are potentially protected by an absolute immunity to suit under the privilege would necessarily remove some of the privilege's very protections. *See id.* A short stay of discovery is therefore appropriate here. *Tradex*, 2009 WL 10664410, at *1.

For the reasons stated above, the Court **grants** the Attorney Defendants' motion to stay. (**ECF No. 14**.) The Court **stays** all proceedings against Defendants Andrew C. Porter and Salvatore Prescott Porter & Porter, PLLC, until the Court resolves their motion to dismiss. (ECF No. 13.) This case will otherwise remain **open** because the Plaintiffs continue to assert claims against the other Defendants.

**Done and ordered** in Miami, Florida, on March 13, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[1] The Court applies Florida substantive law, including Florida's litigation privilege, over the state-law claims in this proceeding. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1275 (11th Cir. 2004) ("Florida's litigation privilege applies to the state-law claims adjudicated in federal court.").