United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Gonzalez and others,<br>Plaintiffs,<br><br>v.<br><br>Andrew C. Porter, and others,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 23-20356-Civ-Scola<br>)<br>)<br>)<br>) |

### Order Denying Motion for Leave to Take Deposition

    This matter is before the Court on the motion for leave to take the limited deposition of Mr. Joshua Nicholas filed by the Plaintiffs, Francisco Gonzalez and Eric Villanueva. (Mot., ECF No. 24.) Defendants Andrew C. Porter and Salvatore, Prescott, Porter & Porter, PLLC (collectively, the "Attorney Defendants") have responded in opposition. (Resp., ECF No. 26.) The Plaintiffs have timely replied. (Reply, ECF No. 27.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **denies** the Plaintiffs' motion. (**ECF No. 24**.)

    The Plaintiffs seek leave from the Court's March 13, 2023, order staying discovery against the Attorney Defendants pending resolution of their motion to dismiss. (Mot. at 1.) The Plaintiffs seek leave to take a deposition of nonparty Joshua Nichols, a partner of the other named Defendants to this action, and who is presently serving a prison sentence with the Bureau of Prisons ("BoP") related to the alleged fraud on which this action is based. (*Id.* at 1-2.) The Plaintiffs argue that the deposition should be allowed, despite the Court's entry of a limited stay, because Mr. Nichols' testimony could "resolve all claims against" the Attorney Defendants. (*Id.* at 4-5.) The Attorney Defendants argue in response that the motion is a veiled attempt to file a motion for reconsideration on the order granting the limited stay, does not address the logistical difficulties inherent in scheduling a deposition of a prisoner with the BoP, and the deposition would be irrelevant to the Court's resolution of the Attorney Defendants' motion to dismiss. (Resp. at 1-2.)

    The Court agrees with the Attorney Defendants. The Plaintiffs' motion is, in effect, a motion for reconsideration of the Court's order granting the partial motion to stay. (Order, ECF No. 22); *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-CIV, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (Scola, J.) (construing motion titled "Broken Chair Petition for Fraud Upon the Court" as a motion for reconsideration based on the relief the movant requested). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening

change in controlling law or the facts of a case, or where there is manifest injustice." Vila v. Padron, No. 04-20520-CIV, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.).

      The Plaintiffs do not provide any grounds justifying reconsideration here. No facts have changed from the time the Court ordered a partial stay, the law has not changed, no manifest injustice has been done, and the Court did not misunderstand the Plaintiffs' position in deciding the order. The Plaintiffs further fail to address whether the deposition would even be feasible, as requested: they argue that the deposition should be scheduled "over the next two weeks" from the date their motion was filed (that is, from March 13, 2023, to March 27, 2023), but never indicate whether any date has even been cleared as feasible with the BoP. (Mot. at 1; Resp. at 7.) Additionally, the Plaintiffs do not indicate that Mr. Nicholas will become unavailable for deposition at some time in the future that would necessitate taking his deposition now. (Mot. at 1-5.) Finally, the Court observes that Mr. Nicholas's testimony would have no bearing at all on the Court's decision on the Attorney Defendants' motion to dismiss, which must be based solely on the Plaintiffs' pleadings. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'").

      For the reasons stated above, the Court **denies** the Plaintiffs' motion for leave to take the limited deposition of Mr. Joshua Nicholas. (**ECF No. 24**.) All proceedings against Defendants Andrew C. Porter and Salvatore Prescott Porter & Porter, PLLC, shall remain stayed until the Court resolves their motion to dismiss. (ECF No. 13.) This case will otherwise remain **open** because the Plaintiffs continue to assert claims against the other Defendants.

      **Done and ordered** in Miami, Florida, on March 20, 2023.

Robert N. Scola, Jr.
United States District Judge